IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Corey L. Calloway, #285780,<br>　　　　　　　　　Petitioner,<br>vs.<br>Warden Burtt, Lieber CI,<br>　　　　　　　　　Respondent. | Civil Action No. 6:07-0884-TLW-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

　　　　The record reveals that the petitioner is currently confined in the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC), pursuant to commitment orders from the Orangeburg County Clerk of Court. The Orangeburg County Grand Jury indicted the petitioner at the October 2001 term of court for assault and battery with intent to kill (ABIK) (01-GS-38-989), armed robbery (01-GS-38-990), and kidnaping (01-GS-38-991). Attorney Jeff Halcombe represented him on these charges.

　　　　On July 19, 2002, the petitioner pled guilty to ABIK and armed robbery before the Honorable J. Ernest Kinard. Judge Kinard sentenced him to concurrent sentences of 20 years imprisonment for ABIK and armed robbery. The petitioner did not appeal his conviction or sentence.

On July 14, 2003, the petitioner filed a *pro se* post-conviction relief (PCR) application (03-CP-38-826), in which he alleged the following grounds for relief (verbatim):

(1)     Miss representation; and

(2)     Lack of understanding of the law.

He filed an "Amendment to Post Conviction Relief" on November 15, 2004. In the amendment he alleged the following grounds for relief (verbatim):

(1)     The Circuit Court lacked jurisdiction to indict and or accept the petitioner's guilty pleas for the charge of Assault and Battery with intent to kill because petitioner lacked the intent to kill which his co-defendant did have, as shown by evidence petitioner accidently shot the victim's leg while aiming away from hitting any vital organs, whereas the co-defendant shot the victim. Also, petitioner acted under provocation, because he was using cocaine, alcohol and marijuana at the time and he acted under coercion from the co-defendant.

(2)     The Circuit Court lacked jurisdiction to indict and or accept the petitioner's guilty pleas for the charge of kidnapping because the victim got into the car "for the purpose of selling drugs on his own accord." Also, petitioner - who was under the influence of cocaine, alcohol and marijuana at the time of the crimes, was being kidnapped, himself.

(3)     The Circuit Court lacked jurisdiction to indict and or accept the petitioner's guilty pleas for the charge of armed robbery because he was being coerced by his co-defendant and, therefore, he did not have the intent to rob the victim and lacked the required *mens rea* to commit armed robbery.

(4)     The Statues, warrants, affidavits, etc of South Carolina took away the petitioner's presumption of innocence and shifted the burden of proof on the petitioner by its constitutionally infirm language. Thus it mentally and psychologically forced the petitioner into an unfreely, unknowingly, involuntary and unintelligently given guilty plea in violation of his 1st, 5th, and 14th Amendment rights of the U.S. Constitution.

(5)     Counsel for the petitioner was inept and constitutionally ineffective, thus his representation of the petitioner fell far below standard of appointed counsel related to these matters which prejudiced the petitioner and forced him into and unfreely, unknowingly, involuntary and unintelligently given guilty plea in

violation of his 1st, 5th, and 14th Amendment rights of the U.S. Constitution.

The State filed its return on March 25, 2004.

The Honorable James C. Williams, Jr., held an evidentiary hearing into the matter on January 11, 2005, at the Orangeburg County Courthouse. The petitioner was present at the hearing and was represented by attorney Shane Burroughs. Assistant Attorney General Paula S. Magargle represented the State. The petitioner testified on his own behalf, while the State presented the testimony of trial counsel, Mr. Halcombe. At the hearing, the petitioner was permitted to amend his application and assert the following allegations:

> (1) The circuit court lacked subject matter jurisdiction to hear and/or accept his guilty plea because the indictments for assault with intent to kill does not suffice as a matter of law in that it does not state an exact time of the incident as time is recognized by law.
>
> (2) The circuit court lacked subject matter jurisdiction because the indictments do not allege the offenses took place in South Carolina.
>
> (3) The circuit court lacked subject matter jurisdiction because there is a procedural defect in the establishing of the indictments. ...[I]n South Carolina and Federal Rules of Criminal Procedure, Rule 3(C), requires that the indictments be filed with the Clerk of Court before charging is taken to the Grand Jury as a matter of procedures. ... Petitioner's indictment in question, ... at no time during the establishing of the indictments, .... were the indictments ever filed with the Clerk of Court. This prejudiced this Petitioner and constitutes another act that violates his rights to due process.
>
> (4) The circuit court lacked subject matter jurisdiction because there is a second procedural and due process violation in establishing of the indictments. ... The Solicitor did not act within ninety days.
>
> (5) The circuit court lacked subject matter jurisdiction to hear or accept his guilty plea for all charges presented ... because there has not been a waiver of the indictments before the Grand Jury, ... without [which] the circuit court could not acquire subject matter jurisdiction.

3

By order filed April 5, 2005, Judge Williams denied and dismissed the application. In the order, Judge Williams addressed the merits of the petitioner's claim of an involuntary guilty plea as a result of ineffective assistance of counsel, and he found that the petitioner's claim that the circuit court lacked subject matter jurisdiction based upon defects in the indictments did not state a claim of subject matter jurisdiction and that the trial court had subject matter jurisdiction. A timely notice of appeal was served and filed.

Assistant Appellate Defender Robert M. Pachak represented the petitioner in collateral appellate proceedings. The State was represented by Ms. Magargle. On August 19, 2005, Mr. Pachak filed a *Johnson* petition for writ of certiorari and a petition to be relieved as counsel.[1] The only issue presented in the petition for writ of certiorari was stated as follows:

> Whether petitioner's guilty plea complied with the mandates set forth in *Boykin v. Alabama*?

The State filed a letter response to the *Johnson* petition for writ of certiorari on August 22, 2005. The petitioner filed a "Writ of Certiorari Appellant Brief" on October 4, 2005, wherein he raised the following issues (verbatim):

> (1)     Was the applicant's 5th.. 6th., 14th., Amendment Rights of the U.S. Constitution, and his rights of Due Process rights violated, by the defect in the indictment for the charge of Assault with Intent to Kill failure to allege an exact time as time is recognized by law?
>
> (2)     Was the applicant's 5th.. 6th., 14th., Amendment Rights of the U.S. Constitution, and his rights of Due Process rights violated, by the defect in the indictments failure to allege the "state" where the crimes took place in the body of the indictment?
>
> (3)     Was the applicant's 5th.. 6th., 14th., Amendment Rights of the U.S. Constitution, and his rights of Due Process rights

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). *Johnson* sets forth the procedures for counsel to follow when filing meritless appeals in state PCR cases pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Contra Pennsylvania v. Finley*, 481 U.S. 551 (1987) (prisoner, who had no equal protection or due process right to appointed counsel in post-conviction proceedings, also had no right to insist on *Anders* procedures for withdrawal of appointed counsel when collateral counsel determined direct appeal was frivolous).

4

> violated, by there being a "procedural defect" and due process error in the establishing of the indictments in that they were not filed with the Clerk of Court.
>
> (4)   Was the applicant's 5th.. 6th., 14th., Amendment Rights of the U.S. Constitution, and his rights of Due Process rights violated, by there being a second "procedural defect" and due process violation in establishing of the indictments because the prosecution went beyond the time frame allowed by Rules of Criminal Procedure to take action on the warrants?
>
> (5)   Was counsel for the defendant inept and constitutionally ineffective by erroneously advising the defendant to plea guilty, knowingly, voluntarily and intelligently, given in violation of the defendant's 5th.. 6th., 14th., Amendment Rights of the U.S. Constitution, and the laws of Due Process?
>
> (6)   Did the indictments of South Carolina, by the Constitutional structural defect and error, language and or charge contained there in take away from the petitioner's presumption of innocence and automatically shift the burden of persuasion upon the defendant. Thus such was utilized to mentally, psychologically, coerce and or force the defendant, by their conclusive presumptions, to give a guilty plea that was not freely, knowingly, voluntarily and intelligently given, in violation of the defendant's 5th.. 6th., 14th., Amendment Rights of the U.S. Constitution, and the laws of Due Process?
>
> (7)   Was the trial court deprived of the right to invoke and or enact it's Subject Matter Judiciary powers due to the indictment[']s failure to fully apprise the defendant of what he is called upon to meet in violation of the applicant's 5th.. 6th., 14th., Amendment Rights of the U.S. Constitution, and the laws of Due Process, because the structural constitutional error and or defect, in the construction of the indictments by their language and or charge, shift the burden of persuasion.

The petitioner then filed a "Brief Supplement" dated November 8, 2005, in which he presented the following issue:

> Did the trial court lack subject matter jurisdiction due to the indictment defects embodied in the Appellant's Brief?

The South Carolina Court of Appeals filed an order on November 29, 2006, in which it denied certiorari, and sent the remittitur to the Orangeburg County Clerk of Court on January 8, 2007.

5

In his petition now before the court, the petitioner raises the following allegations (verbatim):

**GROUND ONE:** Did the trial court err, and or was the Defendants 5th., 6th., 14th., Amendment rights of the U.S. Constitution, as well as Article IV§ 2, and his rights to Due Process violated, by the indictment(s) of South Carolina, as constructed, possessing a structural constitutional error and or defect, by it's language and or charge contained therein, which did create and or form conclusive presumption(s), that took away the Petitioner's presumption of innocence, and automatically shift the burden of persuasion to the defendant, in regard to the crucial elements of dispute?

**GROUND TWO**: Did the trial court err, and or was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution violated, as well as rules of court to include rules of criminal procedure, by the "procedural defect", in that the prosecuting agents acted as sole witnesses on the warrant(s) and or indictment(s)?

**GROUND THREE**: Did the trial court err, and or was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, and his due process rights violated, as well as rules of court, to include rules of criminal procedure, as well as the court lacking subject matter jurisdiction, and or was prohibited from enacting, and or invoking its subject matter jurisdictionary power, by the "procedural defect" in that there was no "[w]ritten" order of the continuance obtained in pursuant to Article V§4 of the S.C. CONST? (Sic).

**GROUND FOUR**: Did the trial court err, and or was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, and his rights of due process rights violated, as well as rules of court, to include rules of criminal procedure, as well as the court lacking subject matter jurisdiction, and or was prohibited from enacting, and or invoking its subject matter jurisdictionary power, by the "procedural defect" in that there was no "[w]ritten" order of the continuance obtained in pursuant to Article V§4 of the S.C. CONST? (Sic).

**GROUND FIVE**: Did the trial court lack subject matter jurisdiction and or was the trial court prohibited from enacting it's subject matter jurisdictionary power, due to the indictment defect(s) and or error(s) embodied within this brief?

**GROUND SIX**: Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, and his rights of due process rights violated, by the indictment for assault and battery with intent to kill failure to properly and or sufficiently apprise the Petitioner of the "Time" of the assault as time is recognized by law?

**GROUND SEVEN**: Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, and his due process rights violated, by the indictment for assault and battery with intent to kill failure to allege the "State" where the assault took place, in the body of the charging instrument?

**GROUND EIGHT**: Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, and his due process rights violated, by the indictment for kidnapping failure to allege how the allege kidnapping occurred in the body of the charging instrument? (Sic).

**GROUND NINE**: Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, and his due process rights violated, by the indictment for arm robbery failure to allege, what the allege victim was shot with, and or the specific amount of property taken, and what the intent was to deprive thereof, which is "key" to the element of "asporation," in arm robbery, in the body of the charging instrument? (Sic).

**GROUND TEN**: Did the trial court err, and was the Petitioner's 5th., 6th., 14th., Amendment rights of the U.S. Constitution, and his due process rights violated, by the trial court and or prosecuting body, allowing constructive amendment of the indictment(s), at the Petitioner's trial and or plea hearing?

**GROUND ELEVEN:** Did the court(s) err, in State v. Gentry, supra, abuse their discretionary power, and in such, the trial court lacked subject matter jurisdiction, and or was prohibited, and or deprived of the "[p]ower", and or "[a]bility", to enact and or invoke its subject matter jurisdictionary "[p]ower", due to the indictment's failure to properly and or fully apprise the Petitioner or what he is called upon to meet, in violation of the U.S. Constitution, and the laws of due process, because the structural constitutional error and or defect in the construction of the indictment(s), by their language and or charge, shift the burden of persuasion?

On August 23, 2007, the respondent filed a motion for summary judgment. By order filed August 23, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),

7

the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on September 10, 2007.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> Title 28, United States Code, Section 2244(d), provides:
>
>> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>>
>>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>>
>>> (B) the date on which the impediment to filing an application created by State action in violation of the

8

> Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The respondent argues that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This court agrees. The petitioner pleaded guilty on July 19, 2002. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner had 10 days following his sentencing in which to serve a notice of appeal, S.C.A.C.R. 203(b)(2), which he did not do. Therefore, his convictions became final on July 29, 2002. Thus, the limitations period expired on July 29, 2003, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2).

The petitioner filed a state PCR application on July 14, 2003. At that time, 350 days of non-tolled had passed. Proceedings in the state PCR concluded when the state court of appeals sent the remittitur to the Orangeburg County Clerk of Court on January 8, 2007. The *Houston v. Lack*, 487 U.S. 266 (1988), delivery date for the instant petition is March 30, 2007, as evidenced by the stamp from the prison mail room on the envelope as well as the petitioner's declaration on page 15 of his petition. Thus, another 81 days lapsed after the state

PCR proceedings concluded, for a total of 431 days of non-tolled time between the date the petitioner's convictions became final and the date he delivered his federal habeas petition to the prison mail room.

## CONCLUSION AND RECOMMENDATION

Being "mindful that Congress enacted §2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.[2]

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be granted.[3] *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (affirming dismissal of petition filed one day late).

                                                    s/William M. Catoe
                                                    United States Magistrate Judge

December 17, 2007

Greenville, South Carolina

---

[2] The decision of the Fourth Circuit Court of Appeals in *Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005), is inapposite on the facts.

[3] As this court has recommended dismissal based on statute of limitations grounds, the respondent's other grounds for dismissal will not be addressed.